UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, | |
| Plaintiff, | |
| v. | Case No: 4:23-cv-01197 |
| LEXISNEXIS RISK SOLUTIONS, INC., | |
| Defendant. | |

## COMPLAINT

**NOW COMES** RADLEY BRADFORD ("Plaintiff") by and through the undersigned counsel, complaining as to the conduct of LEXISNEXIS RISK SOLUTIONS, INC. ("LexisNexis" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred in this Southern District of Texas.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18 years-of-age, who at all times relevant, resided in Houston, Texas.

5. LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports. LexisNexis disburses consumer reports to third parties under contract for monetary compensation. LexisNexis is a corporation organized under the laws of the state of Georgia with its principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005.

## FACTS SUPPORTING CAUSES OF ACTION

6. In February 2023, Plaintiff obtained a copy of his consumer credit report and discovered several pieces of inaccurate information relating to his personal information.

7. The following information that is reporting inaccurately within Plaintiff's consumer credit report:

   i. Under Section 1 "Identified Records," Defendant is reporting Plaintiff's date of birth as 0/X/1974. Plaintiff's date of birth is 06/01/1973.

   ii. Section 1, Record 5: Defendant listed Plaintiff's address as 8494 Dairy View Ln, Houston, TX 77072-3976. At no time has Plaintiff ever resided at this address.

   iii. Section 1, Record 7: Defendant listed Plaintiff's address as 13590 Old Richmond Rd. Apt 51, Houston, TX 77083-6407. At no time has Plaintiff ever resided at this address.

   iv. Section 1, Record 10: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

 v. Section 1, Record 10: Defendant listed Plaintiff's address as 7918 Baneway Dr., Houston, TX 77072-2508. At no time has Plaintiff ever resided at this address.

 vi. Section 1, Record 17: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

 vii. Section 1, Record 17: Defendant listed Plaintiff's address as 7918 Baneway Dr., Houston, TX 77072-2508. This information is inaccurate as Plaintiff does not reside at this address.

 viii. Section 1, Record 18, 19, 22, 23, 26, 32, and 35: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

 ix. Section 1, Record 35: Defendant listed Plaintiff's address as 123000 Brookglade Cir., Apt. 11, Houston, TX 77099-1398. This information is inaccurate as Plaintiff does not reside at this address.

 x. Section 1, Record 39: Defendant listed Plaintiff's address as 505 Cypress Station Dr., Apt. 1811, Houston, TX 77090-1634. This information is inaccurate as Plaintiff does not reside at this address.

 xi. Section 1, Record 47: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

 xii. Section 1, Record 47: Defendant listed Plaintiff's address as 9002 Brandon St., Houston, TX 77051-2310. This information is inaccurate as Plaintiff does not reside at this address.

 xiii. Section 1, Record 53: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xiv. Section 1, Record 53: Defendant listed Plaintiff's address as 9627 Meadowvale Dr., Apt. 902, Houston, TX 77063-5103. This information is inaccurate as Plaintiff does not reside at this address.

xv. Section 1, Record 54: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xvi. Section 1, Record 55: Defendant listed Plaintiff's address as 8494 Dairy View Ln, Houston, TX 77072-3976. This information is inaccurate as Plaintiff does not reside at this address.

xvii. Section 1, Record 58: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xviii. Section 1, Record 58: Defendant listed Plaintiff's address as 7918 Baneway Dr., Houston, TX 77072-2508. This information is inaccurate as Plaintiff does not reside at this address.

xix. Section 1, Record 62, 64, 65, and 67: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xx. Section 1, Record 70: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xxi. Section 1, Record 70: Defendant listed Plaintiff's address as 505 Cypress Station Dr., Apt. 1811, Houston, TX 77090-1634. This information is inaccurate as Plaintiff does not reside at this address.

xxii. Section 1, Record 71 and 72: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xxiii. Section 1, Record 72: Defendant listed Plaintiff's address as 505 Cypress Station Dr., Apt. 1811, Houston, TX 77090-1634. This information is inaccurate as Plaintiff does not reside at this address.

xxiv. Section 1, Record 76 and 77: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xxv. Section 1, Record 77: Defendant listed Plaintiff's address as 702 Befaye Rd, Houston, TX 77076-4842. This information is inaccurate as Plaintiff does not reside at this address.

xxvi. Section 1, Record 83: Defendant listed Plaintiff's name as "Brandy J Bradford."

xxvii. Section 1, Record 90: Defendant listed Plaintiff's address as 12825 High Star Dr., Houston, TX 77072-105. This information is inaccurate as Plaintiff does not reside at this address.

xxviii. Section 1, Record 93: Defendant listed Plaintiff's address as 9002 Brandon St, Houston, TX 77051-2310. This information is inaccurate as Plaintiff does not reside at this address.

xxix. Section 1, Record 98: Defendant listed Plaintiff's address as 2716 Jackson St., Monroe, LA 71202-3231. This information is inaccurate as Plaintiff does not reside at this address.

xxx. Section 1, Record 99: Defendant listed Plaintiff's address as 4240 Belle Park Dr., Houston, TX 77072-1305. This information is inaccurate as Plaintiff does not reside at this address.

xxxi. Section 1, Record 101: Defendant listed Plaintiff's address as 9002 Half Brandon St., Houston, TX 77051. This information is inaccurate as Plaintiff does not reside at this address.

xxxii. Section 1, Record 106: Defendant listed Plaintiff's address as 12825 High Star Dr., Houston, TX 77072-1051. This information is inaccurate as Plaintiff does not reside at this address.

xxxiii. Section 1, Record 108: Defendant listed Plaintiff's address as 9002 Brandon St., Houston, TX 77051-2310. This information is inaccurate as Plaintiff does not reside at this address.

xxxiv. Section 1, Record 114: Defendant listed Plaintiff's address as 14240 Belle Park Dr., Houston, TX 77072-1305. This information is inaccurate as Plaintiff does not reside at this address.

xxxv. Section 1, Record 116: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xxxvi. Section 1, Record 150: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xxxvii. Section 1, Record 150: Defendant listed Plaintiff's address as 12300 Brookglade Cir., Houston, TX 77099-1398. This information is inaccurate as Plaintiff does not reside at this address.

xxxviii. Section 1, Record 150: Defendant listed Plaintiff's phone number as (281) 570-4774. Plaintiff's phone number ends in 7679.

xxxix. Section 1, Record 151: Incorrect social security number reporting as 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. Plaintiff's social security ends in 8591.

xl. Section 1, Record 151: Defendant listed Plaintiff's phone number as (281) 570-4774. Plaintiff's phone number ends in 7679.

xli. Section 1, Record 165: Defendant listed Plaintiff's phone number as (281) 236-9759. Plaintiff's phone number ends in 7679.

xlii. Section 1, Record 166: Defendant listed Plaintiff's phone number as (281) 236-9759. Plaintiff's phone number ends in 7679.

xliii. Under Section 2 "Address Characteristics," Defendant has listed inaccurate addresses to Record 2, 4, 6, 7, 10, 11, 12, 13, 15, 16, 20, 21, 24, 25, 29, 36, 37, 39, 41, 42, 43, 45, 47, 48, 53, 54, 57, and 58. This information is inaccurate as Plaintiff does not reside at any of the listed address.

xliv. Under Section 3 "Phone Records," Defendant has listed inaccurate information relating to Plaintiff's social security numbers, addresses, and phone numbers as followed:

xlv. Section 3, Record 1: Defendant listed Plaintiff's phone number as (281) 781-7135. Plaintiff's phone number ends in 7679.

xlvi. Section 3, Record 1: Defendant listed Plaintiff's address as 505 Cypress Station Dr., Houston, TX 77090-1634. This information is inaccurate as Plaintiff does not reside at this address.

xlvii. Section 3, Record 2: Defendant listed Plaintiff's address as 505 Cypress Station Dr., Houston, TX 77090-1634. This information is inaccurate as Plaintiff does not reside at this address.

xlviii. Section 3, Record 2: Defendant listed Plaintiff's name as "Mr. Radley Tiffany Bradford." Plaintiff's middle name is not "Tiffany."

7

xlix. Section 3, Record 3: Defendant listed Plaintiff's address as 12300 Brookglade Cir., Houston, TX 77099-1398. This information is inaccurate as Plaintiff does not reside at this address.

l. Section 3, Record 3: Defendant listed Plaintiff's name as "Mr. Radley Tiffany Bradford." Plaintiff's middle name is not "Tiffany."

li. Section 3, Record 4: Defendant listed Plaintiff's address as 12300 Brookglade Cir., Houston, TX 77099-1398. This information is inaccurate as Plaintiff does not reside at this address.

lii. Section 3, Record 4: Defendant listed Plaintiff's phone number as (281) 575-0179. Plaintiff's phone number ends in 7679.

liii. Section 3, Record 19: Defendant listed Plaintiff's address as 11407 Dewalt St., Houston, TX 77088-4809. This information is inaccurate as Plaintiff does not reside at this address.

liv. Section 3, Record 19: Defendant listed Plaintiff's phone number as (281) 583-8575. Plaintiff's phone number ends in 7679.

lv. Section 3, Record 20: Defendant listed Plaintiff's address as 505 Cypress Station Dr., Houston, TX 77090-1634. This information is inaccurate as Plaintiff does not reside at this address.

lvi. Section 3, Record 20: Defendant listed Plaintiff's phone number as (281) 781-7135. Plaintiff's phone number ends in 7679.

lvii. Section 3, Record 21: Defendant listed Plaintiff's address as 11407 Dewalt St., Houston, TX 77088-4809. This information is inaccurate as Plaintiff does not reside at this address.

    lviii.    Section 3, Record 21: Defendant listed Plaintiff's phone number as (281) 583-8575. Plaintiff's phone number ends in 7679.

    lix.    Section 3, Record 22: Defendant listed Plaintiff's address as 11407 Dewalt St., Houston, TX 77088-4809. This information is inaccurate as Plaintiff does not reside at this address.

    lx.    Section 3, Record 22: Defendant listed Plaintiff's phone number as (281) 583-8575. Plaintiff's phone number ends in 7679.

8. On February 12, 2023, Plaintiff sent Defendant a written dispute letter and advised Defendant of the erroneous and misleading information contained within his consumer credit files and asked defendant to delete and correct the identified misleading information.

9. The reporting of the inaccurate information on Plaintiff's credit file is patently incorrect and creates a materially misleading impression that the inaccurate information belongs to the Plaintiff. However, upon information and belief, the inaccurate information in Plaintiff's credit file was being mixed with that of another, possibly another "Radley Bradford."

10. LexisNexis has been reporting the inaccurate information through the issuance of false credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

11. Upon information and belief, LexisNexis have mixed the files of two different individuals within Plaintiff's consumer credit file.

12. On February 22, 2023, Defendant mailed Plaintiff a letter regarding the results of its investigation into Plaintiff's written dispute. Defendant stated that its investigation had determined that the data being reported was unverifiable and that the data in question was removed and the files have been updated.

13. However, when Plaintiff pulled his second consumer credit report, LexisNexis only deleted some addresses and references. LexisNexis continued to report most of the information outlined in Plaintiff's initial written dispute.

14. On March 3, 2023, LexisNexis updated its reinvestigation report data as unverifiable and only removed various email addresses. LexisNexis continued to report inaccurate information including all of the data listed above.

15. Despite having actual knowledge that Plaintiff's information was inaccurate, Defendant failed to correct or delete any of the erroneous and misleading information from Plaintiff's credit files.

16. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's consumer reports.

### IMPACT OF INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILE

17. The erroneous reporting of the inaccurate information paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the Plaintiff's information has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and is thus a high-risk consumer.

18. In an effort to remedy the continued inaccurate and materially misleading reporting of the fraudulent information and to validate the accuracy of LexisNexis' inaccurate credit reporting, Plaintiff was forced to send LexisNexis written disputes via certified mail, incurring an expense of $17.49.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

20. As a result of the conduct, actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, increased insurance premiums, increased interest rates, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, loss of the use of funds, local or long distance telephone calls, postage, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing the fraudulent information that does not belong to Plaintiff.

21. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his LexisNexis credit files.

**COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT**
15 U.S.C. § 1681e(b)

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. LexisNexis is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

24. LexisNexis is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

25. Moreover, LexisNexis is a consumer reporting agency as it regularly engages in whole or in part in the practice of assembling and evaluating Plaintiff's credit information and

other personal identifying information on Plaintiff for the purpose of furnishing his consumer report.

26. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by § 1681a(d)(1).

27. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681e(b).

28. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

29. By deviating from the standards established by the credit reporting industry and the FCRA, LexisNexis acted with reckless disregard for its duties to report accurate and complete consumer credit information.

30. On numerous occasions, LexisNexis has prepared a patently false and materially misleading consumer report concerning Plaintiff.

31. Despite actual and implied knowledge of the inaccurate information, LexisNexis readily sold such false reports to one or more third party, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

32. LexisNexis many of Plaintiff's personal information incorrectly. Specifically, LexisNexis inaccurately reported Plaintiff's social security number, date of birth, and address.

33. Nevertheless, LexisNexis routinely sells to third parties credit reports with inaccurate information, despite a request by the purchaser of the report to update or delete the inaccurate and misleading information. LexisNexis did not update or delete any inaccurate information reported within Plaintiff's consumer credit report.

34. LexisNexis has no independent procedures to limit or stop the furnishing of reports to third parties for consumers whom it has inaccurate information on.

35. LexisNexis violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, LexisNexis has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

36. Through Plaintiff's communications with LexisNexis, LexisNexis knew, or had sufficient reason to know, that when it prepares and sells a consumer report about Plaintiff, the information it is circulating is extremely inaccurate and damaging to Plaintiff. Nevertheless, LexisNexis has taken no measures to prevent painting a false and damaging picture about Plaintiff.

37. Upon information and belief, LexisNexis has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

38. LexisNexis' pattern of refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages against LexisNexis, plus attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681o and 1681n.

39. As a result of the conduct, actions, and inaction of LexisNexis, Plaintiff has suffered various types of damages as set forth herein, including specifically, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and the

mental and emotional pain and suffering, anguish, humiliation, and embarrassment of credit denials.

**COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
15 U.S.C. § 1681i -§ 1681g

40. Plaintiff restates and realleges paragraphs 1 through 81 as though fully set forth herein.

41. The FCRA mandates that a Credit Reporting Agency ("CRA") conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id.*

42. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

43. LexisNexis violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file.

44. Plaintiff provided LexisNexis with indisputable evidence in his dispute that demonstrated that his social security, date of birth and address was reporting inaccurately.

45. Had LexisNexis conducted any investigation, it would have updated Plaintiff's consumer file to reflect accurate information that belongs to Plaintiff.

46. Instead, LexisNexis continued to report erroneous information on Plaintiff's credit reports.

47. Had LexisNexis taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff's credit file was reporting inaccurate and misleading information.

48. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his dispute of the inaccurate information.

49. Had LexisNexis reviewed the documents submitted by Plaintiff, it would have been impossible for LexisNexis to conclude that the inaccurate information did in fact belong to Plaintiff.

50. LexisNexis violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

51. LexisNexis violated 15 U.S.C. §1681i(c) by failing to note Plaintiff's disputes on the inaccurate information in subsequent consumer reports.

52. LexisNexis violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access her LexisNexis credit report so Plaintiff can assess his file for inaccuracies.

53. Despite actual knowledge from Plaintiff that there were multiple erroneous items within his consumer credit report, LexisNexis readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's creditworthiness.

54. Upon information and belief, LexisNexis does not conduct independent investigations into consumer disputes.

55. As stated above, Plaintiff was severely harmed by LexisNexis' conduct.

**WHEREFORE**, Plaintiff RADLEY BRADFORD, respectfully requests this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that LexisNexis immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by Jury.**

Dated: April 4, 2023

Respectfully submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mdaher@sulaimanlaw.com