**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RADLEY BRADFORD, § | CIVIL ACTION NO. |
| Plaintiff, § | 4:23-CV-1197 |
| § | |
| § | JUDGE CHARLES ESKRIDGE |
| vs. § | |
| § | |
| § | |
| LEXISNEXIS RISK § | |
| SOLUTIONS INC., § | |
| Defendant. | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   The parties conferred by telephone on June 6, 2023. Marwan Daher attended for Plaintiff. Alex Roberts attended for Defendant. Also present was James F. McCabe, national counsel for LexisNexis Risk Solutions Inc. ("LexisNexis Risk").

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

   <u>Plaintiff's Position</u>

   Plaintiff has pled the factual and legal basis for his claims against Defendant in the complaint. Specifically, Plaintiff alleges that Defendant violated the FCRA by

1

merging/mixing his LexisNexis consumer credit file with that of another person. Plaintiff alleges that Defendant has reported inaccurate and materially misleading information to one or more third parties in violation of 15 U.S.C. §§ 1681e(b), 1681i, and 1681g. Despite Plaintiff's disputes to Defendant, Plaintiff alleges that Defendant failed to conduct a reasonable investigation and continued to report inaccurate information in his consumer credit file.

**Defendant LexisNexis Risk's Position**

This is an action pursuant to the FCRA in which Plaintiff alleges that LexisNexis Risk violated 15 U.S.C. §§ 1681e(b), 1681i, and 1681g.  LexisNexis Risk contends that it did not violate the FCRA.

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information about whom the report relates."  Section 1681e(b) is not a strict liability statute – it does not make a consumer reporting agency liable whenever an inaccuracy appears on a consumer report.  A consumer reporting agency is liable for an inaccuracy only where its inclusion of information in a consumer report results from a failure to employ reasonable procedures in preparing consumer reports and results in an adverse impact to the consumer.  LexisNexis Risk maintains that the alleged inclusion of inaccurate personally identifying information in Plaintiff's consumer file occurred despite LexisNexis Risk's maintenance of reasonable record matching procedures, that Plaintiff cannot show that such information was ever included in a consumer report and had an adverse impact on him.  Accordingly, LexisNexis Risk did not violate Section 1681e(b).

Section 1681i(a)(1)(A) provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency…the agency shall, free of charge,

2

*conduct a reasonable reinvestigation* to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period…" (emphasis added). In this case, Plaintiff made a single dispute to LexisNexis Risk regarding certain items in Plaintiff's consumer file. As a result of that dispute, LexisNexis Risk removed all of the disputed information. Accordingly, LexisNexis Risk's reinvestigation was "reasonable" and therefore LexisNexis Risk did not violate Section 1681i.

Section 1681g(a)(1) provides that a "consumer reporting agency shall, upon request…clearly and accurately disclose to the consumer…[a]ll information in the consumer's file at the time of the request…" Plaintiff's Complaint fails to allege any instance where LexisNexis Risk failed to provide Plaintiff with a copy of his consumer file upon request. Indeed, LexisNexis Risk provided Plaintiff a copy of his full file disclosure on multiple occasions. Accordingly, LexisNexis Risk did not violate Section 1681g.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

The complaint asserts claims under the federal Fair Credit Reporting Act. The parties agree that the court has jurisdiction based on the presence of a federal question.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

The parties are unaware of any anticipated additional parties.

6. **List any anticipated interventions. Briefly explain why.**

The parties do not anticipate that any person or entity will seek intervention.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

   Not applicable.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

   Defendant completed its Rule 26(a) disclosures on June 6, 2023.

   Plaintiff intends on completing his Rule 26(a) disclosures by June 14, 2023.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

   None.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

    a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

    The Parties agree that they may serve pleadings and documents on counsel of record for the Parties via e-mail, and further agree to accept electronic service of documents related to this case in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

    The Parties anticipate that the majority of documentary discovery will source from email communications and business records. Aside from an ESI order and confidentiality order, the Parties do not believe any modification to the discovery process is necessary for this case. The Parties agree that discovery should proceed

4

with service of written discovery, followed by depositions, but expressly reserve the right to conduct written discovery on any matters raised in deposition but not previously disclosed. The Parties anticipate discovery will need to be conducted on all of the issues and claims presented in Plaintiff's complaint, as well as any defenses raised by the Defendant. Such discovery may include, but is not limited to, the following categories:

### *Plaintiff's Position:*

Plaintiff anticipates propounding written discovery and taking Defendant's Rule 30b6 witness deposition.

### *Defendant's Position:*

LexisNexis Risk anticipates serving document requests and interrogatories upon Plaintiff shortly. If the responses to that discovery show that third parties may have evidence relating to any claimed impacts of LexisNexis Risk's reporting, LexisNexis Risk may seek documentary discovery from such parties. If the matter cannot be resolved expeditiously, LexisNexis risk anticipates taking Plaintiff's oral deposition.

\* \* \* \*

The Parties agree that they will meet and confer regarding any issues that may arise regarding disclosure, discovery, or preservation of ESI, including the form or forms in which it should be produced, and will seek the Court's intervention if they are unable to resolve such issues. The Parties anticipate presenting the Court with an agreed ESI order, and are in the process of negotiating such an Order.

The Parties do not anticipate any issues about claims of privilege or of protection of trial-preparation materials at this time. The Parties have discussed the relevant concepts for a confidentiality order and expect to be able to file a proposed agreed confidentiality order that

includes an agreement pursuant to Federal Rule of Evidence 502.

At this time, the Parties do not anticipate any changes to limitations on discovery under the applicable rules. The Parties anticipate that the discovery will include sensitive personal and proprietary commercial information that will require protection as such.

**b. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Plaintiff intends on sending interrogatories to Defendant on or before July 12, 2023. Plaintiff does not seek to limit or enlarge of the interrogatory limits proscribed in the Federal Rules.

**c. When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Defendant anticipates that it will send interrogatories to Plaintiff, which will be served in accordance with the applicable deadlines in the Scheduling and Docket Control Order. Defendant does not seek enlargement of the 25 interrogatories per party limit.

**d. Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Plaintiff intends on taking the oral deposition of Defendant's 30b6 witness.

**e. Of whom and by when the defendant anticipates taking oral depositions, whether**

> **the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Defendant anticipates that it will take the oral deposition of Plaintiff, and possibly of any entity Plaintiff contends treated him adversely on the basis of the content of a consumer report prepared by Defendant, which will be taken in accordance with the applicable deadlines in the Scheduling and Docket Control Order.

> **f. When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

The current Scheduling and Docket Control Order (ECF No. 10) provides that the deadline to designate and provide expert reports for the party with the burden of proof is February 21, 2024 and the opposing party's deadline is March 22, 2024. These deadlines are agreeable to the Parties.

> **g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Plaintiff does not anticipate taking expert depositions at this time, but reserves the right to do so.

> **h. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

LexisNexis Risk does not anticipate taking expert depositions at this time, but reserves the right to do so.

> **11. State the date by which the parties can reasonably complete the planned discovery.**

7

May 7, 2024 (per Scheduling and Docket Control Order, ECF 10).

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree on the discovery plan.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

    The parties discussed settlement via a telephone call on June 6, 2023, and expect to continue such discussions.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

    Defendant believes that mediation may be appropriate if the parties are unable to resolve the matter through direct discussions among counsel.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    The parties do not consent to a trial before a Magistrate Judge in this case.

16. **Identify any party that has made a jury demand and whether it was timely.**

    Plaintiff made a timely jury demand in his complaint filed April 4, 2023.

**17. Specify the number of hours it will likely take to present the evidence at trial in this case.**

Defendant's estimate: 4 hours.

**18. List pending motions the Court could resolve at the initial pretrial conference.**

There are no pending motions.

**19. List other pending motions.**

There are no pending motions.

**20. List all other matters that deserve attention of the Court at the initial pretrial conference.**

None.

**21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

Attached.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Defendant certifies that it filed its Disclosure of Interested Persons on June 1, 2023.

**23. If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

Not applicable.

**24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

For Plaintiff:

Marwan R. Daher
Bar Card No. 6325465
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mdaher@sulaimanlaw.com

For Defendant:

Alex B. Roberts
Bar Card No. 24056216
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
Phone: (713) 951-6261
aroberts@beckredden.com

|  |  |
|---|---|
|  | Respectfully submitted, |
| June 6, 2023 |  |
| _____ | */s/ Marwan R. Daher* |
| Date | Marwan R. Daher, Esq. |
|  | Bar Card No. 6325465 |
|  | Sulaiman Law Group, Ltd. |
|  | 2500 S. Highland Avenue, Suite 200 |
|  | Lombard, Illinois 60148 |
|  | Phone: (630) 575-8180 |
|  | mdaher@sulaimanlaw.com |
|  |  |
| June 6, 2023 |  |
| _____ | */s/ Alex B. Roberts* |
| Date | Alex B. Roberts |
|  | Beck Redden LLP |
|  | 1221 McKinney St. |
|  | Suite 4500 |
|  | Houston, TX 77010 |
|  | Phone: (713) 951-6261 |
|  | aroberts@beckredden.com |